### Doe ex Dem. Village of Fulton v. John Mehrenfield.

1. A dedication of land to public uses may be effected by grant, by estoppel, or by following the statutory form of dedication.
2. Dedications at common law, in pais, operate by way of estoppel, and not as grants.
3. The act of 1805, providing for the recording of town-plats, contemplated the entire plat of a town, and did not apply to smaller subdivisions.
4. The recording of a plat, under the act of March 3, A. D. 1831, in relation to subdivisions, would convey to the public no interest in the streets of a subdivision, in case the proprietor had failed or neglected to have the plat acknowledged; but such act of subdivision and record, would, with other acts of the proprietor, go to prove a dedication, at common law.
5. There can be no dedication to the public without an acceptance by the public, and this may be shown by the occupation and use and other acts on the part of the public.

General Term.—This case arises on a petition in error, to reverse the judgment of Gholson, J., rendered at special term, in favor of the defendant.

The facts of the case sufficiently appear in the decision.

*John S. Nixon*, and *Mills & Hoadly*, for plaintiff in error.

*Bates & Scarborough*, and *Egly & Dobmeyer*, for defendant in error.

Doe ex dem. Village of Fulton *v.* John Mehrenfield.

STORER, J. The plaintiff claims title to certain real property within her corporate limits, as having been heretofore dedicated to the public, but now unlawfully withheld from the public use, by the defendant.

On the 29th April, 1830, Samuel W. Davies, claiming to own ten acres adjoining what was then called the Eastern Liberties, subdivided the tract into lots, and recorded the plat thereof.

On this plat certain streets and market-places are designated and described by name—a portion of which have since been occupied and enjoyed, by the public, for the purposes for which they were intended. The plaintiff, who succeeds by law to all the rights vested in the town of Fulton, then a corporate body, rely upon the plat, thus recorded, to recover a portion of what is claimed to have been intended to be one of the streets in Davies' subdivision, the enjoyment of which, it is alleged, is withheld from the public.

The act of 1805, providing for the recording of town plats, was in force when the plat of the ·subdivision was made and recorded, and was the only law upon the subject. It contemplates the entire plat of a town, and does not, in terms, apply to subdivisions of the same territory.

By the 2d section, the plat, when made and acknowledged before the proper officers, vested, whenever it was recorded, the fee of the streets and public grounds in the county where the town was thus laid out.

By this statute, no title passed to the plaintiff or her predecessor. On the 3d of March, 1831, the law of 1805 was repealed; and, by the 6th section, it is provided that all proprietors of lots or grounds, in any city or town corporate, who have subdivided, or laid out, or who shall hereafter subdivide or lay out the same in lots for sale, shall cause accurate and true maps, or plats thereof, to be recorded in the office of the recorder of the county in which such town, or city, may be situated, describing, with certainty, all grounds laid out or granted for streets, alleys, ways, commons or other public uses, which shall be acknowledged before an officer authorized to

take and certify the acknowledgment of deeds, who shall certify the same in the manner prescribed for the proof and acknowledgment of deeds; and such map or plat, so recorded, shall be deemed a sufficient conveyance to vest the fee, of such streets, etc., in such city or town corporate, in trust for the uses expressed or intended.

The capacity of the plaintiff to sue, is not denied, and the only question submitted, on the record, is this: Was there such a dedication of the property, by Davies, as vested the legal title in the town of Fulton, for the public use?

As the recorded plat was not acknowledged by the proprietor, in the mode required by the statute, no legal estate could, therefore, vest in the donees. It may well be regarded as evidence of the donor's intention to dedicate, but it did not create a perfect right; although, if streets had been occupied in accordance with the plat, the right of the public could not then be disputed. The proprietor would be estopped from denying it.

Such has been the construction by our Supreme Court of the several clauses of the statute providing for the recording of town plats. In Wright's Rep., 749, *Morris* v. *Bowers*, Judge Collett held that the plat must have been both acknowledged and recorded, before the legal title would vest; and the same point is decided in 6 Ohio, 304, *Brown* v. *Manning*. Under a similar statute, the Supreme Court of Michigan affirm the same rule; holding that the subsequent admission of the donor of the prior dedication, even by deed, to another person, did not cure the defect in the recorded plat. 2 Doug. 256, *People* v. *Beaubien*.

It is very clear, therefore, that the legal title in the property sought to be recovered, never vested in the plaintiff by virtue of the recorded plat.

It is claimed, however, that the subsequent acts of Davies, and those who claim under him, may be referred to, in aid of the dedication, and thus remove all doubts as to the donor's intention. We admit the propriety of such testimony, and could give it full effect, were the plaintiff now in possession,

claiming the property, in trust, for the public use, and the original proprietor, or his grantees, suing for the land; in such a case, there need be no technical title, as the question would have been merely upon the right to occupy under the license. The public enjoyment of the easement need not be supported by deed, if once begun, and is acquiesced in by the owners of the fee; for there can be no distinction between a legal or an equitable claim to the possession of the public, provided the use is consistent with the purposes of the dedication. On this principle, the case of, 6 Peters, 432, *The City of Cincinnati* v. *White*, was decided, and, as we believe, upon the broadest view of the whole question, where the rights of the public were fully examined and determined.

The plaintiff does not pretend that she has ever assented to the dedication, or been in the enjoyment of the easement.

If they had proved an occupation, with the consent of Davies, and their right had been disturbed, they would have their remedy; but the proposition, in the imperfectly executed plat, to dedicate, never having been accepted by those who represented the public, could not confer a right until the agreement was executed by some unequivocal act on the part of the donees.

We suppose there is no obligation upon a municipal corporation to accept the grant of a street, on the offer of any proprietor to set apart a portion of his estate for that purpose.

She may withhold her assent, and no title will pass. Such a power should always be reserved to the public authorities, else the highways of a city or town, instead of being regularly laid out and symmetrically numbered, may be as irregular in their form, width, and adaptation to the public benefit, as the caprice or humor of the individual may dictate.

In that case, the city would cease to supervise and control the streets and avenues; the authority would be practically withdrawn from her appointed agents, and confided to the owners of lots within the corporate limits.

In the case of *Brown* v. *Manning*, already referred to,

Judge Lane, who delivered the opinion of the court, lays down the law thus: "It is now well settled, that where lands are dedicated, by the owners, to any lawful use, and are used for the object, and in the manner contemplated by the owner, it inures as a grant. The existence of a grantee is not essential to the validity of such dedication, nor is any particular form of words necessary to give it effect. If accepted and used by the public, in the manner intended, it works an estoppel '*in pais*,' precluding the donor, and all claiming in his right, from asserting any ownership inconsistent with such use."

This is but the affirmance of the general rule, adopted by the Supreme Court of the United States, in 6 Peters, 432, and since recognized in 7 Ohio, Part 2, 135, *Bryant* v. *McCandless;* 7 Ohio, Part 1, 217, *Le Clerc* v. *Gallipolis;* 8 Ohio, 298, *Cincinnati* v. *First Presb. Church;* 9 Howard, U. S., 10, *Irwin* v. *Dixion;* 1 R. I. 522, *Simmons* v. *Cornell.*

If we apply the principles of these cases to this action, we find no actual acceptance or use of the property by the donees. Within a very few years from the time the plat was recorded, it was claimed to be private property, and permanently improved. It never was open to the public use, nor could it have been enjoyed as a thoroughfare from the fact that it was a part of a side hill, into which the highway must have been dug at an unusual depth, and which at the time of the alleged dedication, would seem to forbid the practicability of its present enjoyment.

If the street had been extended to the point claimed, it would have terminated upon the land of another individual, without leading into, or being connected with, any outlet for the public use; and we may well infer, it was not the intention of the proprietor to donate an easement, when it could not have been reasonably supposed it would be of any value to the public.

This view is further sustained by proof that the street claimed to have been laid out, some fifty feet in width, could not have had any existence beyond the point west of the

Columbia road; as it appears by the plat, that other proprietors, who are named as having donated a portion of their property for the use of the street, never executed their intention, and the purpose must, therefore, have failed.

In all cases where a dedication is recorded, there must be proof of an intention to donate, by some unequivocal act; it must not be doubtful or conjectural. 8 Adol. & Ellis, 99, *Barraclough* v. *Johnson*; 11 Mees. & Wels. 827, *Poole* v. *Huskinson*; 5 Watts & Serg., 141, *Gowen* v. *Phil. Exch. Co.*

We might well dispose of this case on the ground that there was no proof of an intention to dedicate the property in controversy; and when we find that the defendant, under the eye of the plaintiff, and with her knowledge of his assertion of title, has purchased his lot, recorded his deed, and erected valuable buildings, with the belief, in good faith, that he held the paramount title, he ought not now to be disturbed, unless a very clear case is made, and a valid claim to the possession established by the plaintiff.

We find no such claims to exist, and, therefore, affirm the judgment of the court of special term.

Judgment affirmed.